UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SUSAN B. BARTHOLF                                                                                    PLAINTIFF

v.                                                                               CIVIL ACTION NO. 5:18-CV-35-TBR

GENERAL MOTORS *et al*.                                                                          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Susan B. Bartholf filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF COMPLAINT**

Plaintiff states that she is a resident of Kentucky. She brings this action against General Motors, LLC; Dwain Taylor Chevrolet; and Motorists Insurance Group. Plaintiff indicates that the basis for the Court's jurisdiction in this action is both the federal-question statute and diversity of citizenship. Plaintiff identifies the basis for federal-question jurisdiction as "Title 49 of United States Code, Chapter 301 Supportive Federal Regulations Product Safety Recall # 15757." She indicates that General Motors, LLC,'s principal place of business is in Michigan; Dwain Taylor Chevrolet's principal place of business is in Kentucky; and Motorists Insurance Group's principal place of business is in Ohio.

Plaintiff states that in September 2016 she took her car to Dwain Taylor Chevrolet "for diagnostics on the computer for an airbag light and a Key Fob recall." She states that Dwain Taylor Chevrolet gave her "modified key fobs (2) with new parts" but when she inquired about diagnostics, she was told "it wasn't performed, no time today . . . ." Plaintiff then states that on April 9, 2017, her car caught on fire. Plaintiff alleges that she subsequently learned that the

National Highway Traffic Safety Administration (NHTSA) had issued a product safety recall for her car for "under hood fire" in February 2016.

Plaintiff seems to claim that she is suing Dwain Taylor Chevrolet for violating the Federal Motor Vehicle Safety Act, 49 U.S.C. § 30101 *et seq.*, by returning her car in September 2016 without fixing the hood fire defect that was the subject of a recall. She specifically cites to the NHTSA's Recall Bulletin concerning the under hood fire which states: "It is a violation of Federal law for a dealer to deliver a new motor vehicle or any new or used item of motor vehicle equipment (including a tire) covered by this notification under a sale or lease until the defect or noncompliance is remedied." Plaintiff also indicates that she is suing Dwain Taylor Chevrolet for negligence, "criminal negligence violation of Federal Law by NHTSA by not repairing the . . . recall," and "fraudulent cover up."

Plaintiff states that she is suing General Motors, LLC, for product liability, strict liability, and "cover up." These claims are based upon General Motors' alleged failure to warn her about the hood fire defect in her car and the recall, "secret warranties," and its refusal to "help her" or compensate her for the damages she claims she sustained as a result of her car fire.

Plaintiff states that she is suing the Motorists Insurance Group, the insurer of Dwain Taylor Chevrolet, for the negligent investigation of her claim and for "violation of the federal laws of the NHTSA and the cover-up." Plaintiff indicates that these claims are based upon the investigation that Motorists Insurance Group conducted into her claim against Dwain Taylor Chevrolet, which she alleges involved "fabricated witnesses . . . discrepancies, untrue statements [and] photo enhanced documents."

Plaintiff seeks damages totaling hundreds of thousands of dollars "for permanent injuries and consequential damages" and "repetitive stress injuries" she sustained as result of the alleged

car fire and Defendants' actions. These injuries include "manic/panic attacks," nausea, vomiting, pain, and economic hardship that has "almost killed her one more than one occasion."

## II. LEGAL STANDARD

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. The Federal Motor Vehicle Safety Act

In her complaint, Plaintiff indicates that she is bringing claims against Defendants pursuant to the federal Motor Vehicle Safety Act ("Safety Act"), 49 U.S.C. § 30101 *et seq.* The Safety Act prescribes procedures by which manufacturers must notify the Secretary of Transportation and owners, purchasers, and dealers of the vehicle when it learns of a defect and decides in good faith that the defect is related to motor vehicle safety or decides in good faith that the vehicle or equipment does not comply with applicable motor vehicle safety standards prescribed by the Safety Act. 49 U.S.C. § 30118(c). The Safety Act also outlines the requirements for such notification and methods for remedying a defect or noncompliance, including by repairing the vehicle, replacing the vehicle with an identical or reasonably equivalent vehicle, or refunding the purchase price, less a reasonable allowance for depreciation. *Id*. at § 30120(a).

However, courts have consistently held that the Safety Act does not provide private citizens with a federal cause of action. *See, e.g.*, *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 522 (11th Cir. 2000) ("Safety Act confers no provide cause of action to enforce its notification requirements"); *Timm v. Goodyear Dunlop Tires N. Am. Ltd.*, NO. 2:14CV232-PPS, 2018 U.S. Dist. LEXIS 24877, at *16 (N.D. Ind. Feb. 15, 2018) (holding the Safety Act does not confer a private cause of action); *Mulholland v. Subaru of Am., Inc.*, 620 F. Supp. 2d 1261, 1265-66 (D.C. Colo. 2009) (holding Safety Act does not include a private right of action); *In re Ford Motor Co.*

4

*Crown Victoria Police Interceptor Prods. Liab. Litig.*,1:02 CV 15000, 2004 U.S. LEXIS 29971, at *18 (N.D. Ohio May 19, 2004) (holding no private cause of action under the Safety Act for safety-related defects claims or private right of recall for defective vehicles); *Campbell v. Gen. Motors Corp.*, 19 F.Supp. 2d 1260, 1274 (N.D. Ala. 1998) (holding that the Safety Act provides "absolutely no private right of action for consumers"). Indeed, the text of the Safety Act expressly directs private citizens to look to "other federal laws of the United States," or to their state statutory or common law, when seeking redress for safety-related defects in motor vehicles. *See* 49 U.S.C. § 30103(d), (e).

Because the Safety Act provides no private cause of action, the Court finds that Plaintiff's claims brought pursuant to this this Act must be dismissed for failure to state a claim upon which relief may be granted.

**B. State-Law Claims**

The Court must next determine whether it has jurisdiction over Plaintiff's remaining state-law tort claims. Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. There are two ways a federal district court may have jurisdiction over

5

a case. *Douglas*, 150 F.3d at 607. The first is through federal-question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

### 1. Federal-Question Jurisdiction

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). As discussed above, Plaintiff premised this Court's jurisdiction on the claims she brought pursuant to the federal Safety Act, but this Act fail to provide a private cause of action.[1]

There is, however, another form of "arising under" jurisdiction" – "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons*, 545 U.S. at 312 (citations omitted); *accord Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("We have, however, also noted that a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'") (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1986)). However, "the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 814 (concluding that a negligence claim based on alleged violations of a federal statute did not warrant federal jurisdiction); *see also Grable & Sons*, 545 U.S. at 318-19 (reaffirming that *Merrell Dow*'s reasoning applies in cases presenting

---

[1] Plaintiff also indicates that she seeks to hold Defendants liable for "federal criminal negligence." However, she cannot enforce state or federal criminal law as an individual - that is, the court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency. *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

garden-variety tort claims, but allowing removal on the basis that the issue before the Court in *Grable* was a relatively rare state quiet-title claim based directly on the effect of an IRS notice of seizure to satisfy a federal tax lien). And, indeed, both *Merrell Dow* and *Grable* noted that allowing federal jurisdiction over typical negligence claims that implicated issues of federal law could dramatically increase the volume of federal litigation over state-law claims. *See Merrell Dow*, 478 U.S. at 811-12; *Grable*, 545 U.S. at 319. Moreover, the Sixth Circuit applied the holding of *Merrell Dow* post *Grable* in 2012, reiterating that state-law negligence claims arising out of violations of a federal statute do not merit federal jurisdiction. *See Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 712-13 (6th Cir. 2012); *see also Mays v City of Flint*, 871 F.3d 437 (6th Cir. 2017) (holding no federal jurisdiction under *Merrell Dow* or *Grable* where state-law claims of negligence, fraud, assault and battery, and intentional infliction of emotional distress were based upon the defendants' breach of duties to plaintiffs under the federal Safe Drinking Water Act because the case did not raise a substantial federal issue). Thus, although Plaintiff's remaining state-law tort claims of negligence, fraud, strict liability, and product liability are arguably based, at least in part, upon alleged violations of the federal Safety Act, this case is nonetheless subject to the general rule that the presence of a federal issue in a state cause of action is not, by itself, sufficient to confer federal jurisdiction. *See Merrell Dow*, 478 U.S. at 817.

### 2. Diversity Jurisdiction

Federal district courts also have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331. However, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Here, Plaintiff indicates that she is a citizen of Kentucky and that Dwain Taylor Chevrolet's principal place of business is in Kentucky. *See, e.g.*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that, for diversity jurisdiction purposes, a business is considered to be a citizen of the state in which its principal place of business is located); *Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 536 (6th Cir 2012) (same). Because Plaintiff fails to show that she and all Defendants are citizens of different states, she cannot establish diversity jurisdiction under 28 U.S.C. § 1332.

### 3. Supplemental Jurisdiction

Thus, because the Court does not have federal-question jurisdiction, and because the parties are not diverse, the Court has no independent basis for jurisdiction over Plaintiff's remaining state-law claims. The Court declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
　　Defendants
4413.011